# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER WILLIAM LAWLESS,<br><br>Petitioner,<br><br>v.<br><br>BRIAN CATES,<br><br>Respondent. | Case No. 1:22-cv-00523-JLT-EPG-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 12) |

Petitioner Kristopher William Lawless is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 14, 2022, Petitioner filed the instant motion for appointment of counsel. (ECF No. 12).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because the issues of his case are complex, he is in treatment for opioid use disorder and suffers from post-traumatic stress

disorder, and counsel is needed for discovery and investigative purposes. Upon review of the petition and the instant motion for appointment of counsel, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. If, upon review of Respondent's response to the petition, the Court finds that the legal issues are more complex than they appear currently, the Court will revisit Petitioner's request for counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel (ECF No. 12) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **June 15, 2022**                            /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE