# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KRISTOPHER WILLIAM LAWLESS,

Petitioner,

v.

BRIAN CATES,

Respondent.

Case No. 1:22-cv-00523-JLT-EPG-HC

FINDINGS AND RECOMMENDATION TO GRANT IN PART RESPONDENT'S MOTION TO DISMISS AND ALLOW PETITIONER TO PROCEED WITH EXHAUSTED CLAIM

(ECF No. 14)

Petitioner Kristopher William Lawless is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As Petitioner's first claim for relief is unexhausted, the undersigned recommends granting in part Respondent's motion to dismiss and allowing Petitioner to proceed only with his exhausted ineffective assistance of counsel claim.

## I.

## BACKGROUND

On January 13, 2017, Petitioner was convicted of, *inter alia*, child endangerment. Petitioner was sentenced to a twelve-year imprisonment term for child endangerment plus a consecutive five-year term for a prior serious felony conviction enhancement. (LDs[1] 1, 2.) On February 13, 2019, the California Court of Appeal, Fifth Appellate District, affirmed the judgment, but remanded for resentencing "so the trial court may consider whether to exercise its

---

[1] "LD" refers to the documents lodged by Respondent on June 21, 2022. (ECF No. 15.)

newly created discretion to dismiss the enhancement." (LD 2 at 10–11.)[2] On April 24, 2019, the California Supreme Court denied the petition for review. (LDs 3, 4.) On July 25, 2019, the trial court held a hearing, declined to strike the enhancement, and reimposed the same sentence. Petitioner filed an appeal, and appointed counsel filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), raising no issues and requesting that the California Court of Appeal independently review the entire record on appeal. On March 12, 2021, the California Court of Appeal affirmed the judgment. (LD 5.) On June 9, 2021, the California Supreme Court denied the petition for review. (LDs 6, 7.)

On May 2, 2022, Petitioner filed a petition for writ of habeas corpus, raising the following claims for relief: (1) the trial court's erroneous failure to dismiss the five-year sentencing enhancement for a prior serious felony conviction; and (2) ineffective assistance of counsel for failing to set forth post-conviction mitigating factors at the resentencing hearing that would support dismissing the enhancement. (ECF No. 1.) On June 21, 2022, Respondent filed a motion to dismiss, arguing that Petitioner's claim regarding the trial court's failure to dismiss the sentencing enhancement is unexhausted and that "[u]nless Petitioner establishes that a stay is appropriate (and thus far he has not), Petitioner must delete his unexhausted claim and proceed with his exhausted claim or the entire petition must be dismissed." (ECF No. 14 at 3.) Petitioner filed an opposition and supplemental opposition, and Respondent filed a reply. (ECF Nos. 18, 21, 19.)

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.

2  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

3       To provide the highest state court the necessary opportunity, the petitioner must "fairly

4  present" the claim with "reference to a specific federal constitutional guarantee, as well as a

5  statement of the facts that entitle the petitioner to relief." Duncan, 513 U.S. at 365; Gray v.

6  Netherland, 518 U.S. 152, 162–63 (1996). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir.

7  2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the

8  operative facts and the federal legal theory on which his claim is based so that the state courts

9  have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his

10 constitutional claim.'" (citations omitted)). The Ninth Circuit "has concluded that a petitioner has

11 'fairly presented' a claim not named in a petition if it is 'sufficiently related' to an exhausted

12 claim. Claims are 'sufficiently related' or 'intertwined' for exhaustion purposes when, by raising

13 one claim, the petition clearly implies another error." Wooten v. Kirkland, 540 F.3d 1019, 1025

14 (9th Cir. 2008) (citing Lounsbury v. Thompson, 374 F.3d 785, 788 (9th Cir. 2004)).

15      Petitioner argues that in presenting his ineffective assistance of counsel claim to the

16 California Supreme Court, he also referred to a "due process violation" and stated, "All I wanted

17 was a fair and impartial sentence modification hearing," which Petitioner contends was sufficient

18 to fairly present his claim that the trial court erroneously failed to dismiss the five-year

19 sentencing enhancement. (ECF No. 18 at 4, 5; ECF No. 21 at 4.) "Mere 'general appeals to broad

20 constitutional principles, such as due process, equal protection, and the right to a fair trial,' do

21 not establish exhaustion." Castillo v. McFadden, 399F.3d 993, 999 (9th Cir. 2005) (quoting

22 Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).

23      Further, the Ninth Circuit rejected a similar argument in Rose v. Palmateer, 395 F.3d

24 1108 (9th Cir. 2005). The petitioner in Rose asserted that his confession and videotaped

25 reenactment of the crime were induced in violation of the Fifth Amendment. He claimed that

26 although he did not assert the substantive Fifth Amendment claim in his direct appeal or state

27 post-conviction petition, "he 'indirectly' exhausted this claim" by alleging ineffective assistance

28 of trial counsel for failure to properly litigate the inadmissibility of his confession and re-

1  enactment and ineffective assistance of appellate counsel for failure to appeal the suppression

2  ruling. Id. at 1110–11. The Ninth Circuit rejected the argument, finding that "although Rose's

3  Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present

4  the Fifth Amendment claim to the state courts when he merely discussed it as one of several

5  issues which were handled ineffectively by his trial and appellate counsel. While admittedly

6  related, they are distinct claims with separate elements of proof, and each claim should have

7  been separately and specifically presented to the state courts." Rose, 395 F.3d at 1112.

8       Similarly, here, although related, Petitioner's exhausted ineffective assistance of counsel

9  claim for failing to set forth post-conviction mitigating factors at the resentencing hearing is

10  distinct from his claim that the trial court erroneously failed to dismiss the five-year sentencing

11  enhancement. In order to prevail on his ineffective assistance of counsel claim, Petitioner "was

12  required to show that his counsel's representation 'fell below an objective standard of

13  reasonableness' and that 'there [was] a reasonable probability that, but for counsel's

14  unprofessional errors, the result of the proceeding would have been different.'" Rose, 395 F.3d at

15  1112 (alteration in original) (quoting Strickland v. Washington, 466 U.S. 668, 687–88, 694

16  (1984)). "Pursuant to this standard, [Petitioner]'s Sixth Amendment [ineffective assistance of

17  counsel] claim could have been rejected regardless of whether" the trial court erroneously failed

18  to dismiss the five-year sentencing enhancement. Rose, 395 F.3d at 1112. Accordingly, the Court

19  finds that Petitioner did not fairly present his first claim for relief—that the trial court

20  erroneously failed to dismiss the five-year sentencing enhancement—to the California Supreme

21  Court.

22       As Petitioner has presented the Court with a mixed petition and has not requested to stay

23  the case,[3] the Court "should allow the petitioner to delete the unexhausted claims and to proceed

24  with the exhausted claims if dismissal of the entire petition would unreasonably impair the

25  petitioner's right to obtain federal relief." Rhines v. Weber, 544 U.S. 269, 278 (2005) (citing

26  Lundy, 455 U.S. at 520). Accord Dixon v. Baker, 847 F.3d 714, 719 (9th Cir. 2017).

27  _____

28  [3] Petitioner states that "[i]f this Court agrees with respondents [sic] claim . . . petitioner asks claim 1 be removed and allow petitioner to pursue claim 2." (ECF No. 21 at 4.)

### III.

### RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 14) be GRANTED IN PART; and

2. Petitioner be allowed to delete the unexhausted first claim in the petition and proceed with the exhausted ineffective assistance of counsel claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30)** days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 26, 2022**                          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE