# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTOPHER WILLIAM LAWLESS,<br><br>Petitioner,<br><br>v.<br><br>BRIAN CATES,<br><br>Respondent. | Case No. 1:22-cv-0523 JLT EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS IN PART, AND REFERRING MATTER TO MAGISTRATE JUDGE<br><br>(Docs. 14, 23) |

Kristopher William Lawless is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the petition, arguing Petitioner's claim regarding the trial court's failure to dismiss the sentencing enhancement is unexhausted and that "[u]nless Petitioner establishes that a stay is appropriate …, Petitioner must delete his unexhausted claim and proceed with his exhausted claim or the entire petition must be dismissed." (Doc. 14 at 3.)

The magistrate judge found Petitioner exhausted his claim for "ineffective assistance of counsel… for failing to set forth post-conviction mitigating factors at the resentencing hearing." (Doc. 23 at 4.) However, this claim was "distinct from his claim that the trial court erroneously failed to dismiss the five-year sentencing enhancement." (*Id.*) The magistrate judge found Petitioner did not present this second claim to the California Supreme Court. (*Id.*) Because Petitioner presented a "mixed petition," and did not request a stay in the action, the magistrate

1  judge recommended the motion to dismiss be granted in part, the unexhausted claim be
2  dismissed, and Petitioner proceed only upon the exhausted claim for ineffective assistance of
3  counsel. (*Id.* at 5.)
4        According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of the case.
5  Having carefully reviewed the entire matter— including Petitioner's objections (Doc. 26)—the
6  Court concludes the Findings and Recommendations are supported by the record and proper
7  analysis. In his objections, Petitioner appears to argue the unexhausted claim is now exhausted
8  because, after the Findings and Recommendations were issued, Petitioner submitted a petition for
9  review in the California Supreme Court. (Doc. 26.) The California Supreme Court sent Petitioner
10 a letter, stating:

> Return unfiled is your "Petition for Review" received on November 16, 2022. The order denying your petition for review on June 9, 2022 in the above-referenced matter was final forthwith and may not be reconsidered. Please rest assured, however, that the petition, and the contentions made therein, were considered by the entire court, and that the denial expresses the decision of the court on this matter.

15 (*Id.* at 5.)
16       Importantly, the Ninth Circuit observed that "[t]he appropriate time to assess whether a
17 prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it
18 comes on for a hearing in the district court or court of appeals." *Gatlin v. Madding*, 189 F.3d 882,
19 889 (9th Cir. 1999) (internal quotation marks omitted) (quoting *Brown v. Maass*, 11 F.3d 914,
20 915 (9th Cir. 1993)). Therefore, Petitioner filing a petition for review in the California Supreme
21 Court *after* the Findings and Recommendations issued recommendations does not change the fact
22 that at the time the Petition was filed, Petitioner had not exhausted his state judicial remedies.
23       Moreover, "[s]ubmitting a new claim to the state's highest court in a procedural context in
24 which its merits will not be considered absent special circumstances does not constitute fair
25 presentation." *Roettgen v. Copeland*, 33 F.3d 36, 39 (9th Cir. 1994) (citing *Castille v. Peoples*,
26 489 U.S. 346, 351 (1989)); *see also Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)
27 ("A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the
28 exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper

vehicle, and (3) by providing the proper factual and legal basis for the claim." (citations omitted)); *Powell v. Lambert*, 357 F.3d 871, 874 (9th Cir. 2004) ("In presenting his claims to the state court, a petitioner must comply with state procedural rules."). Therefore, Petitioner presenting his unexhausted claim to the California Supreme Court in a successive and untimely petition for review does not exhaust the claim. *See Regennitter v. CSP-CORCORAN*, 2015 WL 2081814, at *3 (E.D. Cal. May 4, 2015) ("the mere act of sending a procedurally defective set of claims to the California Supreme Court does not, for exhaustion purposes, constitute 'fairly presenting' those claims to the state court" (collecting cases)); *Davis v. Adams*, 2010 WL 1408290, at *2 (C.D. Cal. Mar. 3, 2010) ("Because the California Supreme Court rejected Petitioner's Petition for Review for filing as untimely, the present Petition is unexhausted.").

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on October 26, 2022 (Doc. 23) are **ADOPTED IN FULL**.
2. Respondent's motion to dismiss (Doc. 14) is **GRANTED IN PART**.
3. Petitioner's claim for the trial court erroneously failed to dismiss the five-year sentencing enhancement is **DISMISSED** without prejudice.
4. Petitioner **SHALL** proceed only with the exhausted claim for ineffective assistance of counsel.[1]
5. This matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **February 23, 2023**

UNITED STATES DISTRICT JUDGE

---

[1] Petitioner may, at his option, withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies. However, the Court notes that although the limitation period tolls while a properly filed request for collateral review is pending in state court, **it does not toll** for the time a federal habeas petition is pending in federal court. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). Thus, Petitioner should evaluate whether the limitations period has run. Petitioner may also move to stay the petition while he exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Kelly v. Small*, 315 F.3d 1063, 1070–71 (9th Cir. 2002).